Kenneth RODRIGUEZ; et al.,
Plaintiffs—Appellants,

v.

THE CITY AND COUNTY OF SAN FRANCISCO; et al.,
Defendants—Appellees.

No. 03–15308.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted May 12, 2004.

Decided June 7, 2004.

Duane W. Reno, Esq., Janene Murtha, Esq., Davis & Reno, San Francisco, CA, for Plaintiffs–Appellants.

Linda M. Ross, Esq., Jonathan C. Rolnick, Esq., San Francisco City Attorney's Office, San Francisco, CA, for Defendants–Appellees.

Before: O'SCANNLAIN, SILER,* and HAWKINS, Circuit Judges.

MEMORANDUM **

Kenneth Rodriguez and Linda Funes appeal the district court's grant of summary judgment in favor of individual defendant employees of the San Francisco Municipal Railway ("MUNI") on their fed-

---

* The Honorable Eugene E. Siler, Jr., Senior United States Circuit Judge for the Sixth Circuit, sitting by designation.

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

eral 42 U.S.C. § 1983 claims of deprivation of the right to privacy and conspiracy to violate privacy rights, and Rodriguez's individual § 1983 claims of deprivation of due process, retaliation and conspiracy to deprive of due process and to retaliate. We affirm.

Although due process protections may be implicated where the loss of government employment or the alteration of a significant right or status guaranteed by law is accompanied by a stigmatic disclosure, *cf. Paul v. Davis,* 424 U.S. 693, 710–12, 96 S.Ct. 1155, 47 L.Ed.2d 405 (1976) (refusing to extend due process protections to stigmatic disclosures standing alone), Rodriguez was unable to show that a transfer in which he retained the same salary and benefits amounted to a "loss of government employment," or that he has an interest in a rumor-free reputation guaranteed by state law. *Id.* at 706, 710–12, 96 S.Ct. 1155. This failure renders immaterial any disputes as to if and when the defendants publicly disclosed the reasons for his transfer. Because no liberty deprivation occurred, Rodriguez was not specifically entitled to a "name-clearing" hearing or any other type of procedural protection. *See Bd. of Regents of State Colls. v. Roth,* 408 U.S. 564, 576–78, 92 S.Ct. 2701, 33 L.Ed.2d 548 (1976).

Likewise, in order to succeed on a § 1983 claim of retaliation based on the exercise of constitutionally protected rights, a plaintiff must show that engagement in behavior that is constitutionally protected prompted retaliation by his government employer. *See, e.g., Allen v. Iranon,* 283 F.3d 1070, 1074 (9th Cir.2002). Because Rodriguez suffered no liberty deprivation, he had no due process right to a hearing, and any request for such a hearing would not be constitutionally guaranteed or protected. As such, his request is not constitutionally insulated from retalia-

tion by MUNI. Rodriguez's failure on this point makes immaterial any dispute as to whether the disciplinary action taken by MUNI qualifies as retaliation.

There is also no basis in the record for extending the highly circumscribed "zone of privacy" that protects individuals from government disclosure of personal information to this case. *See, e.g., Whalen v. Roe,* 429 U.S. 589, 97 S.Ct. 869, 51 L.Ed.2d 64 (1977). The Supreme Court and this circuit have declined to find a violation of this right in circumstances more invasive than those presented here, and Appellants fail to demonstrate any restrictions in their private sphere resulting from the alleged disclosures. *Davis,* 424 U.S. at 713, 96 S.Ct. 1155. Rodriguez has also failed to show that the entry into his locked office for retrieval of business-related materials was unreasonable, either at its inception or in scope. *See O'Connor v. Ortega,* 480 U.S. 709, 726, 107 S.Ct. 1492, 94 L.Ed.2d 714 (1987) (plurality opinion).

A 42 U.S.C. § 1983 conspiracy claim requires a predicate showing that a right guaranteed by law was violated. *See De-Grassi v. City of Glendora,* 207 F.3d 636, 648 (9th Cir.2000). No conspiracy claim may survive where no liberty deprivation, retaliation or invasion of privacy occurred.

AFFIRMED.